LOUIS ZAZA, Plaintiff, *v.* RAY ZAZA, Defendant.

Supreme Court, New York County, August 5, 1930.

*Rebecca Solomon,* for the plaintiff.

*Peter E. Loscalzo,* for the defendant.

SCHMUCK, J. Motion denied. The reckless disregard of the defendant to avail herself of the opportunity which the law afforded her to defend herself cannot be condoned. Causes do not appear on the day calendar suddenly and without warning. To avoid injustice and to circumvent shrewd manipulation, after careful study, with the approval of the bar, the court has adopted a calendar practice seemingly as perfect and fair as human ingenuity could make it. By number and by name a cause becomes part of the trial calendar. Daily announcements warn of approach of trial. When trial is imminent the cause appears on a reserve calendar from which, unfortunately but unavoidably, it too slowly makes its way to the ready calendar. Even after it reaches the ready calendar days intervene before actual trial. All this time litigant and counsel are admonished to stand in readiness for trial when actually reached. Greater opportunity for preparation could not possibly be given. This cause received the same treatment as the thousands of others regularly tried when reached and in which no default was suffered.

Remembering that no rule can be scientifically perfect, it is provided that if a default judgment is obtained and results from inadvertence or excusable neglect (Civ. Prac. Act, § 108), the court may, in the exercise of discretion, set aside the judgment and permit a trial, at which the defaulting party may either litigate or defend. This does not mean, however, that every default judgment will perfunctorily, on application, be set aside. Not only must the complaint or answer ring true, but the applying party must convince the court that the default is excusable and by a discovery of evidence establish merit in cause or defense, as the case may be. In the matter under consideration defendant fails to convince the court that the default was legally excusable or by a disclosure of testimony that she has a meritorious defense. Counsel may not, as the rule states (N. Y. County Supreme Court Rules, Trial Terms, rule III), avoid trial by arbitrarily absenting himself from court.

Absence is only excusable if occasioned by legal engagement in

courts specified in the rule or because presence is temporarily physically impossible. The court will not and cannot accept counsel's absence in Philadelphia as a valid excuse, for the cause thereof is not mentioned. Since proper explanation is lacking, the judgment had herein will not be disturbed; otherwise, default judgments would be nothing more than an idle gesture. Order signed.